IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HT S.R.L.,<br><br>            Petitioner,<br>v.<br><br>LUIS ALEJANDRO VELASCO,<br><br>            Respondent. | Misc. Action No._____<br><br>Related to:<br>Case No. 15-mc-00177 (D. Md.) |

## MOTION TO COMPEL LUIS ALEJANDRO VELASCO TO COMPLY WITH PROPERLY-SERVED SUBPOENAS AND INCORPORATED MEMORANDUM OF LAW

Petitioner HT S.R.L. ("HT"), through its counsel, respectfully moves for an order, pursuant to Fed. R. Civ. P. 45, to compel compliance by Respondent Luis Alejandro Velasco (hereinafter "Velasco") with a subpoena *duces tecum* and *ad testificandum* (the "Subpoena") issued in connection with a legal proceeding currently pending in the Court of Milan, Italy (the "Italian Proceeding"). The subpoena served on the Respondent was authorized by order of the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1782 (a). This request is brought in this Court because the place of compliance provided by the subpoena was the undersigned counsel's office in the District of Columbia, which is less than 100 miles from Velasco's residence or his place of business. As reflected in the certification set forth below, the parties met and conferred in good faith via telephone on May 21, 2015 and were unable to resolve the issues which form the basis of this motion.

### INTRODUCTION

HT is an Italian company. The Subpoena directs Mr. Velasco to produce a limited set of

documents that are highly relevant its prosecution of claims in the Italian Proceeding and to appear at a deposition to provide testimony on the same subject matter. As set forth more fully below, Mr. Velasco has refused to comply with any portion of the Subpoena. To date:

- Mr. Velasco failed to serve objections within fourteen days after service of the subpoena on April 23, 2015, as required by Fed. R. Civ. P. 45 (d)(2)(B), but now seeks to assert numerous objections against the Subpoena;

- Mr. Velasco failed to produce a single document responsive to the Subpoena and, based on correspondence and a discussion with his counsel, no documents appear forthcoming;

- Despite HT accommodating Mr. Velasco's request to move the scheduled deposition from May 11, 2015 to May 21, 2015, Mr. Velasco refused altogether to appear for examination, despite previously agreeing to do so; and

- To date, Mr. Velasco has not filed a motion to quash or for a protective order in either this Court, where compliance is required under Rule 45 (c), or in the United States District Court for the District of Maryland, which authorized the service of the subpoena.

Because Mr. Velasco's failure to respond to the subpoena despite failing to timely serve objections is unreasonable, HT respectfully requests the issuance of an order directing: (1) the production of all documents called for by the subpoenas; (2) the establishment of a date certain for the deposition of Mr. Velasco in compliance with the subpoenas; and (3) that Mr. Velasco reimburse HT for the costs expended in compelling his compliance with a lawfully-issued and -served subpoena, including attorneys' fees.

## BACKGROUND

The facts that gave rise to the underlying action are set forth in detail in the affidavit of Roberto Tirone (the "Tirone Decl."), counsel for HT in the Italian Proceeding.[1] Briefly, they are as follows:

HT and Mr. Velasco are parties to a consultant agreement (the "Agreement"[2]) that requires Velasco, among other things, to (i) recommend business and marketing strategies for the sale, distribution, and licensing in the United States of HT's Galileo Remote Control System ("RCS")—a software product that enables the undetected monitoring of computer activities; (ii) procure new customers for RCS in the United States; (iii) market RCS in the United States to governmental agencies; (iv) provide technical assistance to distributors and end users of RCS; and (v) consider opening an HT office in the United States. Tirone Decl. ¶ 5. The Agreement requires Mr. Velasco to act in the interests of HT and provided for a base pay rate of $80,000. *Id.* at ¶ 6. The Agreement also contains a restrictive covenant (the "Non-Compete Clause") prohibiting Mr. Velasco from competing in any way with HT for the duration of the Agreement and one year after its termination:

> [Velasco] undertakes, for the entire duration of this agreement and for a period of one year starting from the termination of this agreement, and for whatever reason of termination, not to complete under any form with the company, and therefore: (i) not to carry out in the US and in Europe, personally or on behalf of third parties, directly or indirectly, any labor, industrial, commercial or consulting activity, in favor of companies which are in competition with HT or related to services or products sold by HT or in any event to services or products that by their nature may be considered in competition with said products; (ii) not to hire and establish any kind of cooperation for any title or reason with the employees of the HT; (iii) to contract for any reason HT's clientele.

Agreement at ¶ 7. The Agreement requires Mr. Velasco to keep confidential all information

---

[1] The Tirone Decl. was submitted as Exhibit B in support of HT's "Motion and Memorandum of Law in Support of *Ex Parte* Application of HT S.R.L. for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for use in a Foreign Proceeding." (the "Section 1782 Motion") That Motion is submitted as Exhibit 1 to this Motion to Compel.
[2] The Agreement is attached to the Section 1782 Motion as Exhibit C.

about HT's products. *Id.*

The Italian Proceeding is a civil suit brought by HT against Mr. Velasco on March 17, 2015, alleging violations of the non-competition provision of the agreement (the "Italian Complaint"[3]). Specifically, HT alleged that Mr. Velasco associated himself with two of HT's direct competitors while he was under contract to HT pursuant to the Agreement: Newco404 LLC, located in Falls Church, VA and a direct competitor to HT, and Reaqta Ltd., located in Malta and the producer of a software product designed to neutralize HT's product. Tirone Decl. at ¶¶ 10-11.

Moreover, HT also alleged that Mr. Velasco presented and marketed the Reaqta software, on multiple occasions, to a prospective HT client interested in purchasing HT's software. Tirone Decl. ¶ 12. Specifically, Mr. Velasco allegedly permitted executives of Reaqta and Newco404 to participate in meetings with prospective HT clients. *Id.* at ¶¶ 12-13. Additionally, HT alleged that Mr. Velasco personally collaborated in the development of the Reaqta software, which was marketed and sold by Newco404. The activities HT alleges Mr. Velasco engaged in, including marketing and selling the Reaqta software, the representation of Newco404 and Reaqta, and collaborating in the development of the Reaqta software, violated the Agreement.

In order to discover relevant evidence located in the United States for use the Italian Proceeding, HT filed the underlying *ex parte* Section 1782 Motion on April 10, 2015 in the United States District Court for the District of Maryland, seeking authorization to conduct limited discovery with respect to evidence in Mr. Velasco's possession demonstrating that he violated the Agreement. The application set forth the factors for granting a motion seeking authorization to conduct discovery under 28 U.S.C. § 1782 as set forth in *Intel Corp v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 249 (2004) and discussed those factors in detail. *See* Exhibit 1 at 5-9.[4] The

---

[3] The Italian Complaint is attached to the Section 1782 Motion (Exhibit 1 to this Motion to Compel) as Exhibit C.
[4] The page numbers referred to are located at the top of the page, as the page numbers at the bottom of the exhibit

Section 1782 Motion attached the proposed subpoena to be served on Mr. Velasco and sought authorization to conduct the specified discovery. Exhibit 1 at internal Ex. A (marked as Document 1-1); Exhibit 1 at 9.

On April 17, 2015, the Honorable J. Frederick Motz granted the Section 1782 motion. *See* Exhibit 2. Pursuant to Judge Motz's authorization, HT's undersigned counsel issued the subpoena on April 20, 2015, noticing his deposition for May 11, 2015 at 10:00 a.m. at the law offices of Arnall Golden Gregory LLP, 1775 Pennsylvania Ave., NW, Ste. 1000, Washington, DC 20006, to be taken by transcription and videography. *See* Exhibit 3 at 1.[5] The subpoena also requested that Mr. Velasco bring certain documentary evidence with him to the deposition. *Id.* at Attachment A. Mr. Velasco was duly and lawfully served with the subpoena on April 23, 2015. *See* Exhibit 4. On May 5, 2015, Mr. Velasco personally telephoned the undersigned counsel and requested that the date of the deposition be moved to another date because of his need to attend a family graduation. Later that same day, Mr. Velasco sent the undersigned an email which read, in relevant part, as follows:

> Thank you for accepting my request to move the subpoena 1:15-mc-00177 to May 21st, we can agree to the same time of 10AM.

Exhibit 5. As plainly stated in that email, Mr. Velasco agreed to appear for deposition on May 21st. At no point on that date or at any time prior did Mr. Velasco serve written objections on the undersigned, as required by Rule 45(d)(2)(B), which would have been due on May 7, 2015.

HT did not receive any further communications from Mr. Velasco or anyone acting on his behalf until May 15, 2015. On that date, Mr. Velasco's counsel sought to raise numerous untimely objections to the subpoena, which are addressed herein, and threatened HT with litigation

---

erroneously did not include the first page.

[5] The undersigned counsel also offered to Mr. Velasco's counsel Rebecca LeGrand to have the deposition take place in Maryland at the convenience of Mr. Velasco. Instead, Ms. Legrand refused to allow any deposition of Mr. Velasco to take place.

7653726v1

based on the service of the Subpoena, which was authorized by Judge Motz. *See* Exhibit 6 at 1-2. The undersigned responded on May 19, 2015, indicating that the May 15, 2015 objections were untimely under Rule 45 (d)(2)(B), but offered to accommodate Mr. Velasco by holding the deposition in Maryland. Exhibit 7. Later that same day, Mr. Velasco's counsel responded with a short letter indicating disagreement with HT's position, but indicating that she would require a new subpoena if HT were to accommodate Mr. Velasco by moving the deposition to his city of residence, thus attempting to make the untimely May 15, 2015 objections timely. *See* Exhibit 8. Later that same day, the undersigned responded, rejecting Mr. Velasco's attempt to avoid the time limitation for serving objections and confirming that the deposition would be held in the District of Columbia. *See* Exhibit 9 at 1. In the same letter, the undersigned offered to meet and confer regarding this dispute. *Id.* at 2. Just over an hour later, Mr. Velasco's counsel responded by email, confirming that Mr. Velasco would not be appearing for deposition.. *See* Exhibit 10.[6]

On May 21, 2015, Mr. Velasco failed to appear for the deposition he previously agreed to attend. *See* Exhibit 5. Moreover, he did not produce any of the documents requested by the subpoena. On that same day at approximately 2:00 p.m., the parties conducted a telephonic "meet and confer" regarding the disputes regarding the subpoena. However, the parties were unable to reach an agreement, which resulted in the filing of this motion. At no time did Mr. Velasco file a motion to quash or for a protective order with respect to the Subpoena.

## ARGUMENT

1. ***Having Agreed to Appear for Deposition, and Having Not Properly Served Objections or Otherwise Taken Appropriate Steps to Excuse Compliance, Mr. Velasco Should be Compelled to Appear on a Date Certain, at HT's Convenience***

It is undisputed that Mr. Velasco was properly served with a subpoena calling for him to

---

[6] In order to avoid incurring fees for a deposition which would not take place, HT cancelled the scheduled videographer and transcriptionist on May 20, 2015.

7653726v1

appear for deposition at a date and time certain. It is equally undisputed that Mr. Velasco agreed on May 5, 2015, to attend that deposition on May 21, 2015. However, Mr. Velasco's counsel has since refused to produce him. Under the circumstances, and particularly where, as here, Mr. Velasco neither timely filed objections to the subpoena nor took the appropriate steps to excuse compliance with the duly served subpoena (*i.e.* filing a motion to quash or for a protective order), Mr. Velasco should be compelled to appear on a date certain, at HT's convenience, and provide deposition testimony.

### 2. *Mr. Velasco Should be Compelled to Produce the Documents Called for by the Limited Subpoena that was Properly Served Upon Him*

As noted above, the Subpoena in question was reviewed by the Honorable J. Frederick Motz of the United States District Court for the District of Maryland; Judge Motz authorized HT to serve the Subpoena when he granted the Section 1782 Motion. Moreover, Mr. Velasco failed to file any timely objections to the subpoena whatsoever. Under the circumstances, and particularly where, as here, Mr. Velasco has not taken the appropriate steps to excuse compliance with the duly served subpoena by filing a motion to quash or for a protective order, Mr. Velasco should be compelled to produce all documents requested by the subpoena forthwith.

### 3. *The Purported Objections Untimely Served by Mr. Velasco's Counsel on May 15, 2015 are Waived*

As noted above, Mr. Velasco did not serve any timely objections to the subpoena whatsoever. A person who intends to object to a subpoena must serve a written response on the subpoenaing party. *United States v. O'Neill*, 619 F.2d 222, 225 (3rd Cir. 1980). Asserting objections is not a difficult or complicated process; simply sending a letter to the subpoenaing party asserting objections will generally suffice. *See Tuite v. Henry*, 98 F.3d 1411, 1416 (D.C. Cir. 1996). However, Rule 45 (d)(2)(B) sets a firm deadline for the filing of such objections: the objections must be served "before the earlier of the time specified for compliance or 14 days after the subpoena is

7653726v1

served." Mr. Velasco was served with the subpoena on April 23, 2015, meaning that the deadline for serving objections to the subpoena was May 7, 2015. Mr. Velasco was in contact with HT's counsel prior to the expiration of the time to serve objections, yet Mr. Velasco failed to file such objections, without excuse. "The failure to serve written objections to a subpoena within the time frame specified by Rule 45 (c)(2)(B) [now 45 (d)(2)(B)] typically constitutes a waiver of such objections." *In re Denture Cream Prods. Liab. Litig.*, 292 F.R.D. 120, 124 (D.D.C. 2013) (quoting *Alexander v. FBI*, 186 F.R.D. 21, 34 (D.D.C. 1998)). While, under "unusual circumstances and for good cause," *Alexander*, 186 F.R.D. at 34 (citations omitted, a failure to timely serve objections does not necessarily bar consideration of objections, none of the circumstances recognized in *Alexander* is present here.

In *Semtek Int'l Inc. v. Merkuriy Ltd.*, 1996 U.S Dist. LEXIS 22444 (N.D.N.Y. May 1, 1996), which was relied on by this court in *Alexander*, the court noted that unusual circumstances sufficient to excuse a failure to timely file objections include: 1) "where the subpoena is overbroad on its face," 2) where "the subpoenaed witness is a nonparty acting in good faith," and 3) "counsel for witness and counsel for subpoenaing party were in contact concerning the witness's compliance prior to the time the witness challenged [the] legal basis for the subpoena." *Id.* at *4-5.

Here, the subpoena is reasonable on its face. As Judge Motz saw when authorizing HT to serve the subpoena, it seeks documents and testimony from Mr. Velasco about his work with HT's competitors, his marketing and sales of products in competition with HT's products, disclosure of HT's confidential information, and collaboration with HT employees, both former and existing, at the time of the alleged breaches of the agreement. Exhibit 1 at 5. In the subpoena, HT propounded only four limited document requests. These requests are addressed in turn:

- "All documents concerning (i) [HT's] Software, (ii) the Reaqta Software, (iii) Competing Software, (iv) Reaqta, (v) Newco404, (vi) Kroll, or (vii) the Agreement."

As noted *supra*, the Italian Proceeding asserts that Mr. Velasco breached the Agreement's noncompetition provision when he assisted with the development of software designed to counter the software created by HT, associated himself with Newco404 and Reaqta, and collaborated with employees of Newco404 and Reaqta in an attempt to sell the Reaqta software and other software in direct competition with HT's software to potential purchasers of HT's software, including Kroll. This request is narrowly designed to discover what, if any, documents Mr. Velasco possesses regarding these matters.

- "All documents and communications concerning any and all meetings Velasco participated in with (i) Kroll or (ii) any and all existing, prospective or former clients of HT."
- "All documents and communications concerning any and all presentations Velasco made to (i) Kroll or (ii) any and all existing, prospective or former clients of HT."

HT has alleged in the Italian Proceeding that Mr. Velasco held teleconferences and in-person meetings with Kroll and current or prospective clients of HT, at which he made presentations regarding HT's software and other competing software. Moreover, HT alleged that Mr. Velasco permitted employees or executives of Newco404 and Reaqta to take part in such meetings and to attempt to sell their respective products on such calls. These requests are narrowly tailored to discover what, if any, documents Mr. Velasco possesses regarding such meetings and presentations.

- "All communications between or among Velasco and (i) Reaqta, (ii) Newco404, (iii) Albert Pelliccione, (iv) Serge Wee Shou Woon, (v) Vincent Audric, (vi) Kroll, (vii) any and all existing, prospective, or former clients of HT, [or] (viii) current or former employees of HT concerning the following subjects: (a) HT, (b) [HT's] software, (c) the Reaqta Software, (d) Competing Software, (e) Reaqta, (f) Newco404, (g) Kroll, or (h) the Agreement."

This request seeks communications between or among Mr. Velasco and a limited number

of individuals or companies related to Mr. Velasco's Agreement with HT and the activities he undertook in violation of the noncompetition provisions of the agreement. The request is narrowly tailored to cover communications with the individuals identified in the Italian Complaint on limited subjects that are relevant to HT's claims against Mr. Velasco in the Italian Proceeding. Accordingly, this request is carefully tailored to lead to the production of documents relevant to the Italian Proceeding. *See Coleman v. District of Columbia*, 275 F.R.D. 33, 36 (D.D.C. 2011) (noting that the scope of a Rule 45 subpoena is informed by Rule 26, which governs civil discovery generally); *Rendon Group, Inc. v. Rigsby*, 268 F.R.D. 124, 126 (D.D.C. 2010) ("Rule 26 of the Federal Rules of Civil Procedure defines and governs the scope of discovery for all discovery devices, and, therefore, Rule 45 must be read in light of it."); Fed. R. Civ. P. 26 (b)(1) (providing that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense). In contrast, the document requests found overbroad in *Semtek* went "well beyond any reasonable attempt to identify assets and would appear to include within their scope documents sensitive to the operations of Lockheed but which are irrelevant to the pending proceeding." *Semtek*, 1996 U.S.Dist. LEXIS 22444 at *9.

The five subjects designated in the Subpoena for Mr. Velasco's deposition are similarly limited in scope and cover the same or similar subjects. Accordingly, the discovery sought in the Subpoena is not overbroad on its face so as to justify overruling the presumption in favor of the waiver of untimely objections. Additionally, with respect to the second *Semtek* factor – that the witness is a non-party acting in good faith -- Mr. Velasco is a party to the Italian Proceeding, so the considerations in favor of avoiding burden on a non-party are inapplicable. HT contends that Mr. Velasco is not acting in good faith after first agreeing to attend the deposition and produce documents in response to the subpoena on May 5, 2015 and then seeking to make numerous un-

timely objections ten days later.

Moreover, the final *Semtek* factor is not relevant here. Mr. Velasco never sought to negotiate to narrow the scope of the subpoena in his early communication with the undersigned, and the first communication with his counsel was not until eight days after the time to file objections expired and four days after the original deposition date. Moreover, that first contact from Mr. Velasco's counsel made no attempt to negotiate the scope or timeline of the deposition. Instead, it laid out Mr. Velasco's untimely objections, threatened litigation against HT in part due to the service of the Subpoena, and demanded to know whether HT would file a motion to compel. This situation is a far from that in *Semtek*, wherein the parties were in contact to regarding the witness's "need for more time to amass and review the documents responsive to the subpoena and, later, a challenge to the legal basis for the documents sought." *Semtek*, 1996 U.S. Dist. LEXIS 22444 at *6. *See also Celanese Corp. v. E.I. du Pont de Nemours & Co.*, 58 F.R.D. 606, 609-10 (D. Del. 1973) (noting that the parties had been in discussions regarding the scope of any subpoenas or document requests for months prior to the service of the subpoena).

For all of the foregoing reasons, Mr. Velasco's failure to timely serve objections to the subpoena acts as a waiver of those objections.

### 4. *The Purported Objections Untimely Served by Mr. Velasco are Meritless*

In the letter from Mr. Velasco's counsel dated May 15, 2015, counsel purported to serve three objections to the subpoena. Each of these objections is meritless. The first two objections generally assert that Italian court proceedings do not permit the sort of document requests and deposition testimony, respectively, set forth in the Subpoena, relying on several secondary sources. *See* Exhibit 6 at 1-2. However, that argument is directly contradicted by the Tirone Decl., in which Mr. Tirone, a lawyer licensed to practice in Italy, states that "Italian law does not

limit the methods by which parties may obtain discovery, as long as the discovery has been obtained legally[;] evidences obtained through the discovery proceeding could be deposited at the Italian Court by the Plaintiff as *ex parte* evidences." Tirone Decl. at ¶ 22. Mr. Tirone also states that "[t]here is no evidence that the Italian Court would reject evidence obtained pursuant to § 1782." *Id.* at ¶ 21. Mr. Velasco's objections based on Italian limitations on discovery procedures are meritless, even had they been timely served or made in a properly filed motion to quash or for a protective order.

Mr. Velasco's final objection, that the document requests are "unduly broad and unreasonably burdensome," Exhibit 6 at 2, was addressed at length, *supra*. Moreover, the purported burdensomeness objection does not provide sufficient specificity to justify non-Production under the federal rules. "This Court only entertains an unduly burdensome [or overly broad] objection when the responding party demonstrates how the document request is 'overly broad, burdensome, or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden." *Thong v. Andre Chreky Salon*, 247 F.R.D. 193, 197 (D.D.C. 2008) (citation omitted). Additionally, although courts have discretion to limit discovery, neither Rule 26 nor 45 provide Mr. Velasco the unilateral right to declare document requests to be overbroad or unduly burdensome and then refuse to comply with the Subpoena. Mr. Velasco has not moved this Court for a protective order, and has only purported to object to a single two-word phrase in the document requests: "Competing Software." This objection is insufficient under the circumstances. For the foregoing reasons, should the court conclude that Mr. Velasco's requests were timely served or not waived by untimely service, the court should overrule these objections as meritless and compel Mr. Velasco to fully comply with the subpoena.

## CONCLUSION

For all of the aforementioned reasons, Mr. Velasco has unreasonably failed to comply with the Subpoena, which was reviewed and authorized by Judge Motz. Accordingly, HT respectfully requests that the Court enter an order:

- Compelling Mr. Velasco to produce the documents requested in the Subpoena;

- Compelling Mr. Velasco to appear for deposition at a date certain, at HT's convenience; and

- Entering an award of the reasonable attorneys' fees and costs incurred by HT in enforcing Mr. Velasco's compliance with the subpoena.

Respectfully submitted this 22nd day of May 2015,

By: _____
Jeffrey S. Jacobovitz (DC Bar No. 346569)
Eric D. Olson
ARNALL GOLDEN GREGORY LLP
1775 Pennsylvania Ave., NW
Suite 1000
Washington, DC  20006
Telephone:  202.677.4056
Facsimile:   202.677.4057

*Attorneys for Petitioner HT S.R.L.*

**Certification Pursuant to Fed. R. Civ. P. 37 (a)(1) and LCvR 7.1 (m)**

The undersigned hereby certifies that, on May 21, 2015 at approximately 2:00 p.m, Rebecca LeGrand and Adam Zurbriggen of Kaiser LeGrand & Dillon PLLC, counsel for Mr. Velasco, as well as myself and Eric Olson, of Arnall Golden Gregory LLP, counsel for HT S.R.L., conducted a telephonic meet and confer regarding the issues set forth in this Motion. However, despite good faith efforts, the parties were unable to resolve these disputes.

Dated: May 22, 2015

Jeffrey S. Jacobovitz

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HT S.R.L., <br><br> Petitioner, <br><br> v. <br><br> LUIS ALEJANDRO VELASCO, <br><br> Respondent. | Misc. Action No._____ <br><br> Related to: <br> Case No. 15-mc-00177 (D. Md.) |

### CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of May 2015 that I caused a copy of the foregoing Motion to Compel Luis Alejandro Velasco to Comply with Properly-Served Subpoena and Incorporated Memorandum of Law and the attachments thereto to be served upon the Court via hand-delivery and upon counsel for Mr. Velasco by email and first class mail as follows:

Rebecca LeGrand
Kaiser, LeGrand & Dillon PLLC
1400 Eye St., NW, Ste. 525
Washington, DC 20005
rlegrand@kaiserlegrand.com

_____
Jeffrey S. Jacobovitz